**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 27, 2021

<u>VIA ECF</u>

Hon. Valerie E. Caproni
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>Moody v. The Related Companies, L.P.</u>, Case No. 21-cv-06238-VEC (S.D.N.Y.)

Dear Judge Caproni:

Pursuant to Your Honor's October 18, 2021 Order (ECF Doc. 20), Defendants The Related Companies, L.P. and ERY South Residential Tower LLC (collectively, "Defendants" or "Related") respectfully submit this letter to explain why Plaintiffs' Amended Complaint (ECF Doc. 18) fails to remedy any of the infirmities fatal to the original pleading in this case. Accordingly, we renew Defendants' motion to dismiss (ECF Docs. 13-15) and ask this Court to deem it directed to the Amended Complaint, which should be dismissed for the same reasons.[1]

As Defendants previously explained in their motion to dismiss, this is a case that never should have been brought. Plaintiffs improperly seek to conjure claims of race-based discrimination from nothing more than race-neutral—and legally non-actionable—economic disparities. That individuals of different economic means are not able to afford the same categories of housing simply does not constitute race discrimination. Plaintiffs' amendments in the Amended Complaint do not alter that equation one whit. None of their new factual allegations speaks in any way to any race-based housing discrimination. Nor could they, because none occurred.

Indeed, the Amended Complaint is far more notable for what it *subtracts* from Plaintiffs' allegations than for what it adds. Plaintiffs have now withdrawn two of the legal theories underlying the housing-discrimination claims asserted in their initial pleading: (1) alleged violations of 42 U.S.C. § 3605, which plainly relates only to "real estate-related transactions," such as brokerage and lending transactions, that are inapposite here; and (2) alleged violations of 42 U.S.C. § 3604(c), and analogous state- and local-law provisions, concerning purportedly discriminatory advertising practices. *See* Herrmann Decl. Ex. B at 2, 18, 20, 21, 22, 23, 25, 28, 29. They were well advised to do so, because those claims were doomed to failure—but the balance of Plaintiffs' amendments amounts to little more than the addition of duplicative, conclusory, boilerplate allegations that propound nothing of substance to bolster the remaining claims asserted in the Amended Complaint. Thus, for the reasons set forth here and in Argument

---

[1] Defendants have today filed a Notice of Motion to Dismiss the Amended Complaint and an accompanying Declaration of Gabriel Herrmann attaching both the Amended Complaint (Exhibit A thereto) and a redlined document showing the differences between the Complaint and the Amended Complaint (Exhibit B thereto). The Amended Complaint is cited here as "Am. Compl." and the redline is cited as "Herrmann Decl. Ex. B."

**GIBSON DUNN**

Hon. Valerie E. Caproni
October 27, 2021
Page 2 of 4

Sections I.A, I.B, and II of Plaintiffs' previously filed memorandum of law (ECF Doc. 14) ("MTD Mem."), the Amended Complaint should be dismissed for failure to state any claim that is actionable under federal, state, or local law.

I.  **The Amended Complaint Fails to State a Viable Claim for Intentional Race-Based Discrimination under the Fair Housing Act**

Plaintiffs have reorganized their pleading to focus the First Claim for Relief in the Amended Complaint solely on alleged intentional race-based discrimination under Fair Housing Act Sections 3604(a) (discrimination in the offering of, or in refusal to offer, a dwelling for sale or rent) and 3604(b) (discrimination in the "terms, conditions, or privileges" of a sale or rental). But the substance of their allegations supporting this claim remains the same—and remains deficient for the same reasons. Plaintiffs alleging disparate treatment "must allege they were treated differently from similarly situated persons or groups because of race, color, religion, sex, familial status, or national origin." *30 Clinton Place Owners Inc. v. City of New Rochelle*, 2014 WL 890482, at *3 (S.D.N.Y. Feb. 27, 2014); *see* MTD Mem. at 13-15. As explained in Defendants' prior motion, Plaintiffs have failed to identify any similarly situated persons of other races who allegedly were treated differently than Plaintiffs or members of racial minority groups, and have failed to plausibly allege that any differences in residents' access to amenities at the properties at issue in this case arise "because of" their race. *See* MTD Mem. at 13-17; *Williams v. Calderoni*, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) ("The naked assertion by plaintiff that 'race was a motivating factor' without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race is too conclusory to survive a motion to dismiss." (internal quotation omitted)), *aff'd sub nom.*, *Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013). The Amended Complaint does nothing to ameliorate these deficiencies; it merely adds a handful of additional allegations consisting of bare legal "conclusions" and "formulaic recitation[s] of the elements" of the claim, devoid of any factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Am. Compl. ¶¶ 94-97; Herrmann Decl. Ex. B. at 18-19.

Indeed, the *only* new *factual* allegation found in the Amended Complaint that pertains to Plaintiffs' disparate-treatment claims is the assertion that "market-rate" units at 15 Hudson Yards may be "for sale and/or rent." Am. Compl. ¶¶ 56, 61, 66, 90, 98. But that contention is entirely irrelevant to the substance of Plaintiffs' claims, because the relevant comparison for purposes of any allegation of disparate treatment based on race is between *similarly situated* members of different groups, *i.e.*, between different members of racial groups residing within the affordable rental apartments reserved for those of limited financial means (or between members of different racial groups residing in the luxury condominiums)—*not* between low-income tenants, on the one hand, and residents of the privately owned "luxury" condominiums, on the other. *See, e.g.*, *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (requiring plaintiffs to show they are "similarly situated in all material respects" to the comparator group); MTD Mem. at 13-15. As they did in their original Complaint, Plaintiffs fail to plead in the Amended Complaint that any African-Americans or other "prospective minority low-income tenants" were treated differently than similarly situated non-minority prospective tenants of the affordable-rental units Plaintiffs

**GIBSON DUNN**

Hon. Valerie E. Caproni
October 27, 2021
Page 3 of 4

considered renting. Am. Compl. ¶ 97. Nor does the Amended Complaint allege any facts that could plausibly support a conclusion that any difference in treatment between affordable-rental tenants and purchasers of luxury condominiums is "even minimally likely to be attributable to racially discriminatory motives." *Rowe v. N.Y.S. Dep't of Tax & Fin.*, 2018 WL 3384429, at *6 (N.D.N.Y. July 10, 2018), *aff'd*, 786 F. App'x 302 (2d Cir. 2019); *see* MTD Mem. at 15-16. Accordingly, the First Claim for Relief in Plaintiffs' Amended Complaint should be dismissed for the reasons explained in Defendants' prior motion to dismiss. *See* MTD Mem. at Arg. § I.A.

**II.     The Amended Complaint Fails to Plead an Actionable Claim for Race-Based Disparate-Impact Discrimination under the Fair Housing Act**

The Amended Complaint likewise offers no new allegations, other than bare legal conclusions and recitations of the legal elements, in support of Plaintiffs' Second Claim for Relief sounding in race-based disparate-impact discrimination under the Fair Housing Act. See Herrmann Decl. Ex. B. at 20-23. Again, those boilerplate additions do nothing to bolster Plaintiffs' fatally flawed claim. As explained in Defendants' prior motion, the fair-housing laws were not intended to create liability "every time a neutral policy imposes an adverse impact on individuals who are poor," and "differential treatment of different economic groups" does not become "racial discrimination" simply because "minorities are statistically overrepresented in the poorer economic groups." *Salute v. Stratford Greens Garden Apts.*, 136 F.3d 293 (2d Cir. 1998); *Boyd v. Lefrak Org.*, 509 F.2d 1110, 1113 (2d Cir. 1975); *see Williams v. 5300 Columbia Pike Corp.*, 1996 WL 690064, at *3 (4th Cir. 1996); MTD Mem. at 2, 17-19. The Amended Complaint alleges no new facts demonstrating that any minority group is adversely impacted disproportionately to similarly situated non-minority applicants for the affordable rental apartments Plaintiffs considered renting. *See* MTD. Mem. at 20-21. To the contrary, the Amended Complaint actually confirms that Plaintiffs *cannot* allege any such disparate impact based on race, because it confirms that the effects of which Plaintiffs complain in fact concern only "*low-income* racial minorities," Am. Compl. ¶ 108 (emphasis added), and Plaintiffs fail to allege any facts showing that "low-income" non-minority applicants or residents are impacted any differently by Defendants' alleged policies than low-income minorities are.

Moreover, Plaintiffs still fail to allege any facts to establish—as they must—that any alleged racial disparity at issue here was *caused* by any policy or practice attributable to Defendants. *See* MTD Mem. at 21-23. Again, their amendments consistent entirely of conclusory boilerplate and unsupported *ipse dixit* statements, such as statements that "Defendants' policy or practice has a disproportionately adverse effect on tenants and/or potential tenants who are African-American," or that "Defendants' policy or practice is the direct cause of the disproportionately adverse effects on tenants and/or potential tenants who are African-American." Am. Compl. ¶¶ 114-15. Such threadbare recitals of the elements of a claim, devoid of any factual support, are insufficient to support Plaintiffs' disparate-impact claims. *See, e.g.*, *Iqbal*, 556 U.S. at 678, 680-81 (dismissing a discrimination claim for failure to plead sufficient non-conclusory allegations); *Harris v. Mills*, 572 F.3d 66, 75 (2d Cir. 2009) (dismissing claim where "there [wa]s no allegation (beyond *ipse dixit*)" to support it).

**GIBSON DUNN**

Hon. Valerie E. Caproni
October 27, 2021
Page 4 of 4

### III. The Amended Complaint Fails to Remedy the Complaint's Defects with Respect to Plaintiffs' State- and Local-Law Claims

Plaintiffs' state and local law claims must also be dismissed for the reasons stated in Defendants' prior motion. *See* MTD Mem. at 24-25. Once again, the Amended Complaint does nothing more with respect to these claims than (1) withdrawing Plaintiffs' previously advanced theories concerning supposedly discriminatory advertising, and (2) adding a number of boilerplate "bare legal conclusions" regarding elements of Plaintiffs' claims. The former is irrelevant to the claims that Plaintiffs continue to press, and the latter is insufficient as a matter of law to provide any support for them. *See, e.g.*, *Iqbal*, 556 U.S. at 678, 680-81. Thus, this Court should either dismiss Plaintiffs' state- and local-law claims for the same reasons that compel dismissal of Plaintiffs' Fair Housing Act claims, *see* MTD Mem. Arg. § II.A, or, in the alternative, should decline to exercise supplemental jurisdiction over the state- and local-law claims after dismissing Plaintiffs' federal claims, *Id.* Arg. § II.B.

———

Accordingly, for all of these reasons and the reasons explained in Argument Sections I.A, I.B, and II of Defendants' previously filed memorandum of law in support of their motion to dismiss, Defendants respectfully submit that Plaintiffs' Amended Complaint should be dismissed in its entirety. Moreover, because Plaintiffs have already availed themselves of the opportunity to replead in response to Defendants' prior motion, any claims dismissed for failure to state a claim should be dismissed with prejudice. *See, e.g.*, *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 405 (S.D.N.Y. 2019) (dismissing with prejudice amended complaint filed in response to motion to dismiss initial complaint); *Williams v. Calderoni*, 2012 WL 691832, at *8 (dismissing claims alleging race-based housing discrimination for failure to state a claim, and holding that "[l]eave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless"), *aff'd sub nom.*, *Williams v. Schwartz*, 529 F. App'x 89.

Respectfully,

*/s/ Randy Mastro*

Randy M. Mastro

cc:   All counsel of record (via ECF notification)