USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHANEL MOODY, AYANDA CARMICHAEL,  :
AND RONNIE CLARK,                 :
                                  :
                      Plaintiffs, :
         -against-                 :       21-CV-6238 (VEC)
                                  :
THE RELATED COMPANIES, L.P., AND  :       MEMORANDUM
ERY SOUTH RESIDENTIAL TOWER LLC,  :       OPINION AND ORDER
                                  :
                      Defendants. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiffs sued the developers of a mixed-use condominium building in Hudson Yards for allegedly treating fair housing tenants less favorably than market-rate tenants in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"). *See generally* Am. Compl., Dkt. 18. The Court dismissed the case for failure to state a claim. *See* Opinion & Order, Dkt. 27. Defendants now move for Rule 11 sanctions against Plaintiffs' counsel for bringing a frivolous lawsuit. *See* Defs. Not. of Mot., Dkt. 30. For the following reasons, Defendants' motion for sanctions is DENIED.

## BACKGROUND[1]

Plaintiffs were selected by lottery for access to affordable rental housing units in the building located at 15 Hudson Yards. Am. Compl. ¶ 57. That mixed-use building includes some affordable rental units as well as market-rate condominiums. *See id.* ¶¶ 6, 12, 31, 52–53, 67. The building was developed and is operated by Defendants. *Id.* ¶¶ 31, 40–51. Plaintiffs, who

---

[1] The Court assumes the facts set forth in the Amended Complaint for the purposes of this decision. The Court also takes judicial notice of correspondence between counsel.

1

are Black and low-income, brought this lawsuit against Defendants for allegedly discriminating based on race by treating fair housing tenants less favorably than market-rate condominium tenants, thus discouraging Plaintiffs from living in the building. *Id.* ¶¶ 1, 15, 18–23.

On September 10, 2021, Defendants moved to dismiss the Complaint for failure to state a claim. *See* Defs. Not. of Mot., Dkt. 13. Defendants argued, *inter alia*, that Plaintiffs' allegations were not actionable because "differential treatment of different economic groups" does not become "racial discrimination" merely because "minorities are statistically overrepresented in the poorer economic groups." Defs. Mem., Dkt. 14, at 2 (quoting *Salute v. Stratford Greens Garden Apts.*, 136 F.3d 293, 302 (2d Cir. 1998) and citing *Boyd v. Lefrak Org.*, 509 F.2d 1110, 1113 (2d Cir. 1975)). That same day, Defendants sent Plaintiffs' counsel a letter stating their intent to seek sanctions pursuant to Federal Rule of Civil Procedure 11 absent withdrawal of the Complaint, and attached a notice of motion for sanctions. *See* Defs. First Sanctions Letter, Dkt. 32-1.[2]

On October 15, 2021, Plaintiffs filed an Amended Complaint that no longer alleged one of their claims but still sought relief for racial discrimination. *See generally* Am. Compl. Plaintiffs' counsel also responded to Defendants' sanctions letter, asserting that Plaintiffs' claims were not frivolous because Defendants intentionally "segregated" low-income tenants and thus disparately impacted the "social and economic benefits associated with living in a racially integrated environment . . . ." *See* Pls. First Sanctions Response, Dkt. 32-3.

On October 27, 2021, Defendants again moved to dismiss, arguing that Plaintiffs failed to remedy any of the defects in the Complaint. *See* Dkts. 21–23. On November 15, 2021,

---

[2] During a telephone call on September 14, 2021, Plaintiffs' counsel purportedly indicated that Plaintiffs were prepared to abandon a claim under Section 3605 of the FHA and that the Complaint did not intend to state any violation of New York Real Property Tax Law Section 421-a, even though the Complaint repeatedly referenced that statute, because counsel had concluded that the provision did not apply. *See* Email Exchange, Dkt. 32-2.

Defendants sent Plaintiffs' counsel a letter asserting that the Amended Complaint was also frivolous and reserving their rights to move for Rule 11 sanctions. *See* Defs. Second Sanctions Letter, Dkt. 32-4.

After opposing Defendants' motion, *see* Pls. Mem., Dkt. 24, Plaintiffs' counsel asserted via letter to Defendants' counsel that he did not consider the Amended Complaint frivolous, *see* Pls. Second Sanctions Response, Dkt. 32-5.

On August 10, 2022, the Court granted Defendants' motion to dismiss. *See* Opinion & Order, Dkt. 27. Plaintiffs failed to state a claim for disparate treatment because they failed to allege a similarly-situated comparator group; luxury condominium owners are not similarly situated to affordable housing tenants. *Id.* at 4–5.[3] Plaintiffs' disparate impact claim failed because the FHA does not provide protections based on economic status, even when economic status has a substantial overlap with race, and because Plaintiffs failed to show "prejudicial treatment of minorities over and above that which is the inevitable result of disparity in income." *Id.* at 7–8 (citing *Boyd*, 509 F.2d at 1113).

On December 7, 2022, Defendants moved for Rule 11 sanctions on Plaintiffs' counsel. *See* Defs. Not. of Mot., Dkt. 30.[4]

---

[3]  Although the Court's conclusion was "common sense," the Second Circuit "has not clearly defined what constitutes a similarly-situated comparator group in the housing context . . . ." Opinion & Order, Dkt. 27, at 5 n.4.

The Court also found that Plaintiffs did not allege any facts tending to show that Defendants were motivated by discriminatory intent. *Id.* at 5–6.

[4]  Defendants request reimbursement for reasonable attorneys' fees and other expenses incurred in this case, and any other relief the Court deems proper. *See* Defs. Mem. in Supp. of Mot., Dkt. 31, at 19.

## DISCUSSION

Under Rule 11, an attorney who presents a filing to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not presented for an improper purpose, the legal contentions are nonfrivolous and supported by existing law, and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). A motion for sanctions must not be filed if the challenged filing is withdrawn or appropriately corrected within 21 days of service. Fed. R. Civ. P. 11(c)(2).[5]

The imposition of sanctions under Rule 11 is "discretionary rather than mandatory." *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994); *see also Perez v. Posse Comitatus*, 373 F.3d 321, 325–26 (2d Cir. 2004) (explaining that even if a claim violates Rule 11, a court need not impose sanctions); *MacDraw, Inc., v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1259 (2d Cir. 1996) ("Rule 11 sanctions must be imposed with caution.").

A legal position is frivolous for the purposes of Rule 11 sanctions if it is "clear" that there is "no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (quoting *Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994)).

---

[5] Plaintiffs' counsel asserts that Defendants violated Rule 11's twenty-one-day safe harbor provision because Defendants only sent counsel a motion for sanctions in response to the Complaint, not in response to the Amended Complaint. *See* Pls. Mem. in Opp. to Mot., Dkt. 37, at 7. Defendants' noncompliance "was merely technical"; the detailed letter Defendants served in response to the Amended Complaint raised the same issues set forth in the motion Defendants served in response to the Complaint. *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 480 n.27 (S.D.N.Y. 2003) (concluding that defendants met Rule 11's safe harbor requirement because they served the plaintiff "with a detailed letter outlining their anticipated motion and attaching evidentiary support" more than twenty-one days before filing their formal motion), *aff'd*, 426 F.3d 549 (2d Cir. 2005); *see also* Defs. Second Sanctions Letter, Dkt. 32-4. The Court need not decide whether Defendants' letter was sufficient to satisfy Rule 11's safe harbor provision, however, because it declines to impose sanctions.

Plaintiffs' counsel maintains that he reasonably believed that the Second Circuit's 1975 decision in *Boyd* — holding that differential treatment of economic groups is not, in itself, enough to show racial discrimination — should have been reversed given the increasingly prevalent view that economic status and race are intertwined. Pls. Mem. in Opp. to Mot., Dkt. 37, at 12. Counsel also asserts that he reasonably believed that the Court could have inferred racial discrimination from the allegations contained in the Amended Complaint given recent New York legislative efforts to curb housing segregation. *Id.* at 12–13.

The Court is sympathetic to counsel's views about the intersection between class and race as a matter of policy, but not as a matter of law. *See* Opinion & Order, Dkt. 27. The Court takes counsel's purported intent to push the law in favor of expanding civil rights at face value, however, and therefore declines to impose sanctions. *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63–64 (2d Cir. 2012) (affirming the district court's decision not to impose Rule 11 sanctions even if the legal arguments at issue had been objectively unreasonable); *Lenzo v. City of New York*, No. 21-CV-0306 (JMF), 2022 WL 4621440, at *2 (S.D.N.Y. Sept. 30, 2022) (declining to impose Rule 11 sanctions in part because, when imposing sanctions in civil rights cases, "a court should be mindful of the potential chilling effects on civil rights plaintiffs who argue in good faith for the modification or extension of rights and remedies") (quoting *Bumpus v. Bosma*, 121 F.3d 714 (9th Cir. 1997)).[6]

---

[6] Defendants assert that Plaintiffs brought this lawsuit as a form of harassment. *See* Defs. Mem. in Supp. of Mot. at 16–18. Although Plaintiffs' allegations are controversial and counsel may have invited media attention to the case, that is not enough to infer counsel's bad faith. *Cf. Emp. Staffing of Am., Inc. v. William H. Mercer, Inc.*, No. 96-CV-2054 (LAP), 1998 WL 118166, at *2 (S.D.N.Y. Mar. 16, 1998) (concluding that a defendant did not satisfy the "very high standard" required to show that claims were brought "for reasons of harassment" despite the Court's finding that the defendant was "put to enormous trouble and expense by a baseless lawsuit") (quoting *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980)).

## CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED. The Clerk of Court is respectfully directed to close the open motion at Docket Entry 30.

**SO ORDERED.**

Date:  April 25, 2023
      New York, New York

**VALERIE CAPRONI**
**United States District Judge**